Andrew M. Kohlmetz
OSB # 95541
Raivio, Kohlmetz & Steen, P.C.
741 SW Lincoln Street
Portland, OR 97201
(503) 224-1104
andy@rkslawyers.com
Attorney for Defendant Freeman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 07-029 MO |
| | ) | |
| vs. | ) | REQUEST FOR PRE-TRIAL |
| | ) | DISCOVERY |
| KENNETH JOHN FREEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, through his attorney, Andrew M. Kohlmetz, requests that the United

States Attorney's Office, disclose, produce, and make available for examination and

copying by defense counsel, or his agents, the following items, whether currently in the

possession, custody, control, or knowledge of the United States Attorney, or any law

enforcement agent, or which by the exercise of due diligence, may become known to the

attorney for the government:

1.      Notice of the government's intention to use any physical evidence, or

statements which the defendant is entitled to discover, to afford the defendant an

opportunity to suppress such evidence.

2.      Any written, recorded, or unwritten or unrecorded statements made by the

defendant, or copies thereof.

3.      A list of any property obtained from the defendant which is currently in the possession of the government or any law enforcement agency or was in their possession but has since left it.  State how the government came into possession of said property.

4.      The circumstances of any search involving the defendant, and list the items seized and information obtained as a result of the search(es).

5.      A copy of all reports prepared by federal, state, and local law enforcement and investigative agents which may contain information necessary for, and material to, the preparation and filing of motions to suppress evidence in this case.

6.      All items relating to any eavesdropping, wiretapping, electronic recording. List the dates, times, and places when such instruments were used.  Provide copies of any authorizing warrants and the results of such activity.

7.      Names and addresses of all informants utilized by the government at any stage of the investigation of this case, and the role which said informants played in the investigation(s).

8.      Copies of all records, reports, or memoranda of federal, state, or local investigative agencies, which describe, refer to or otherwise comment upon their relationship with any informant involved in this case.  This includes records, reports, or memoranda which indicate the statements made by the informant to all other persons, as well as motives and reasons for the informant's cooperation with the government.

9.      Copies of all reports of physical or mental examinations and scientific tests or experiments which are material to the preparation of the defense or intended for

use by the government as evidence in chief at the trial of this case.

10.     Written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial describing the witnesses' opinions, the basis and the reasons therefore, and the witnesses' qualifications.

11.     All fingerprint evidence that exists in this case, and whether any attempts were made to obtain fingerprints from any property, and which efforts were either successful or unsuccessful.

12.     All photographs or drawings relating to the criminal action or proceeding made or completed by a public servant engaged in law enforcement activity.

13.     Copies or inspection of all books, papers, documents, photographs, tangible objects, buildings or places which are in the possession, custody or control of the government which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belonged to the defendant.

14.     Copy of defendant's prior criminal report, if any.

15.     Copies of each government's witnesses' prior criminal reports, including arrests and convictions, if any.

16.     Copies of all reports or memoranda relating to the inception and conduct of the investigation of defendant.

17.     Copies of all original handwritten notes or memoranda of any agents of the government.

18.     Copies of the minutes and transcripts of the testimony before grand juries

which heard evidence about this case, and all notes or other writings or document used by a prospective witness when testifying before the grand juries.

19.     Any and all evidence which would be favorable to the defendant, exculpatory, or material to the defense, including, but not limited to:

a.     Results of tests, experiments, examinations, searches or seizures, which produced evidence favorable to the defendant or failed to produce evidence tending to incriminate the defendant;

b.     Names of any other persons considered to be possible suspects in this case, and any evidence which in any way indicates that other persons may have committed, or aided in the commission of these crimes;

c.     List of evidence in this case which has been destroyed, or is no longer in the custody of the government;

d.     Evidence, information, testimony, transcripts, or statements indicating that any prospective prosecution witness on any occasion has given false, misleading, or contradictory information regarding the charges in this case, or any other matter, to any persons;

e.     Evidence, information, testimony, transcripts, or statements indicating that any potential prosecution witness in this case in not truthful, or is a threatening, aggressive, or assaultive;

f.     Evidence, information, testimony, transcripts, or statements indicating that any prospective prosecution witness has given a statement which contradicts that of another potential prosecution witness;

g.     The existence and substance of any deals or understandings

entered into between any law enforcement agency and any prospective government witness in this case;

        h.     Evidence, information, testimony, transcripts, or statements indicating that any witness is biased or prejudiced regarding the defendant or this case in any way.

20.     Any evidence of prior or subsequent bad acts by the defendant that the government intends to introduce at trial.

21.     The personnel files of each law enforcement agent who will testify in this case. The government is requested to examine such files for evidence that any such agent has ever made a false statement or has a reputation for dishonesty.

22.     Names and addresses of all percipient witnesses interviewed by the government whom the government does not intend to call at trial.

23.     The arrest and conviction record of each prospective government witness.

24.     Evidence of a criminal case that has been dismissed against any prospective government witness.

25.     Evidence that any prospective government witness has any criminal charge pending against him/her.

26.     Evidence that any prospective government witness is under investigation by federal, state, or local authorities.

27.     Evidence of expressed or implicit understandings, deals, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the government, or any of its agents, and any prospective government witness or his agents.

28.     Evidence that any prospective government witness has applied for, or requested from the government any consideration or benefit, including a plea bargain, dismissal of any charge, sentence reduction, or early release from custody, and whether or not the government agreed to such a request.

29.     Evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective government witness.

30.     The full scope of any witness's past cooperation with the government, including all monies, benefits, and promises received in exchange for cooperation, as well as the full extent of the witness's assets, and the status of the witness's present and past income tax liability.

31.     Prior statements of any prospective government witness relevant to his/her testimony, or relevant to impeachment or bias of the witness.

32.     Evidence that any prospective government witness has made inconsistent statements to the government or to any of its agents, with respect to his/her proposed testimony.

33.     Evidence that any prospective government witness has made a statement inconsistent with or contradictory to any statement by any other person whether or not a prospective witness.

34.     Evidence that any prospective government witness has engaged in crimes though has not been convicted of those crimes.

35.     Evidence that any prospective government witness has ever made any false statement to law enforcement authorities.

36.     Evidence that any prospective government witness has a tendency to lie or

exaggerate his/her testimony.

37.     Evidence that any prospective government witness has consumed alcohol or drugs prior to witnessing or participating in the events that have rise to his/her testimony.

38.     Medical, psychological, or psychiatric evidence tending to show that any prospective government witness's ability to perceive, remember, communicate, or tell the truth is in anyway impaired.

39.     Evidence that a prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his/her testimony.

40.     Evidence that a prospective government witness has taken a polygraph examination, and the results thereof.

41.     Evidence that someone, other than defendant, committed, or was ever suspected of committing, the crime charged in this case.

42.     Names of all persons, whether or not they will be a witness, who could not identify the defendant, or was unsure of his identity or his participation, in the crime charged, and the content of any such statement.

43.     Physical evidence tending to exculpate the defendant in whole or in part, or tending to mitigate punishment.

44.     Evidence mitigating the punishment of the defendant, whether or not the sentence is pursuant to the guidelines.

45.     The commencement and termination dates of the grand jury that indicted the defendant in this case.

46.     The number of grand jurors that attended each session of the grand jury,

and the number of grand jurors who voted to indict.

    47.    The name of every prospective government witness to be called at trial.

The government is requested to seek the above information from each federal,

state, and local agency involved in this case.

WHEREFORE, defendant requests this to be a continuing request for the

government to produce such evidence as is described above at any time it becomes

known or available to the government.

It is expected that excludable delay under 18 U.S.C. 3161(h)(1)(F) will not occur

as a result of this request.

Dated this 5th day of May, 2008.

    ANDREW M. KOHLMETZ, OSB #95541
    Attorney for Defendant Freeman

Andrew M. Kohlmetz, OSB# 95541
Raivio, Kohlmetz & Steen, P.C.
741 SW Lincoln Street
Portland, OR 97201
(503) 224-1104
andy@rkslawyers.com
Attorney for Defendant Freeman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR 07-029 MO |
| | ) | |
| KENNETH JOHN FREEMAN, | ) | NOTICE OF REPRESENTATION |
| | ) | |
| Defendant. | ) | |

COMES NOW Andrew M. Kohlmetz and gives this notice that he represents

Defendant Kenneth John Freeman in this matter, pursuant to this court's appointment

order dated effective May 5, 2008.

Dated this 5th day of May, 2008.

ANDREW M. KOHLMETZ, OSB 95541
Attorney for Defendant Freeman

1 - NOTICE OF REPRESENTATION

Raivio, Kohlmetz & Steen, P.C.
741 SW Lincoln Street
Portland, Oregon 97201
(503) 224-1104